EASTERN DIS.
June, 1834.

DUPRE
vs.
REGGIO,
TUTRIX. &c.
6 653
112 58

DUPRE vs. REGGIO, TUTRIX, &c.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The heir who is present is subrogated to the rights of those absent, and whose existence is not known, and is entitled to receive the whole succession.

The correctness of the judgment of the Court of Probates cannot be questioned in the District Court.

The attorney of the absent heirs is the proper person to represent them in all cases where they are interested, even after the executor or curator of the estate is discharged.

The attorney of absent heirs does not become *funtus officio* by the discharge of the testamentary executor.

The plaintiff alleges he is the transferee by notarial act of all the rights of J. M. Benoit, and his two brothers to the succession of the late Eloi Hacher, who were his heirs instituted by his will; that A. Reggio the late husband of the defendant confessed judgment, by notarial act, which is annexed, and acknowledged to be indebted to said succession in the sum of seven thousand dollars, payable at the expiration of five years from the 29th of February 1828; and the defendant widow Reggio, common in property with her minor children are bound for the payment of said sum. He prays that the widow Reggio in her own right and as tutrix of her said minors, be adjudged and decreed to pay said debt with interest and costs.

The defendant pleaded a general denial; and that the transfer of Hacher's succession is void, because the person (J. M. Benoit,) making it did not represent all the heirs and that it was made without consideration; even admitting the transfer and judgment to be binding the plaintiff cannot enforce his claim in the manner and for the amount set forth; and finally that, although the execution under the

Eastern Dis.
June, 1834.

DUPRE
vs.
REGGIO,
TUTRIX, &c.

will of Hacher has been discharged, without collecting all the debts due his succession, the plaintiff as transferee is not authorised to enforce their collection; but that the will must be executed, and the forms of law prescribed in such cases be observed.

On the trial and from the evidence adduced thereon, the case appears as follows: Eloi Hacher made his will in 1824, in which he bequeathed legacies to the amount of three thousand five hundred dollars, and instituted his three nephews, J. M. Benoit, Paul F. Benoit, and P. Benoit, his heirs, with the right of accretion to the survivors or survivor of them, if any of them died before him. An executor was appointed. The succession was opened in the parish of St. Bernard, and an inventory made in 1829; the executor continuing in office by successive orders of the Probate Judge, until finally discharged in 1833. The plaintiff soon after brought suit against the attorney for the absent heirs of Hacher, claiming the succession on the assignment of J. M. Benoit (the other two brothers supposed to be dead,) transfering all the rights of said heirs to him, and claiming to be put in possession thereof. He was put in possession accordingly, and among the debts to it was the one now claimed.

On the part of the defendant it is insisted that the attorney of the absent heirs did not and could not represent the succession; that some representative should have been appointed contradictorily with whom the plaintiff should have asserted his claims, and that the decree rendered putting him in possession would not protect the defendant in paying the debt.

The district court had some doubt from article 1210 of the *Louisiana Code* which seemed to require the attorney to go out of office when the executor was discharged; but article 1655 provides that he cannot discharge himself until the succession is liquidated, and article 1654 makes it his duty to take care of the interests of the absent heirs, &c. The court considered the attorney for the absent heirs in office, and the only proper defensor against the plaintiff. Judgment was

rendered in favor of the latter for the distributive share of the heirs of Hacher after paying the legacies.

The defendant appealed.

The case was submitted without argument by *Mr. Pichot* for the plaintiff, and *Mr. Derbigny* for the defendants.

MARTIN, J., delivered the opinion of the court.

The plaintiff states that one Hacher made his last will and testament, and after bequeathing several legacies, the residue of his estate he gave to his three nephews with the benefit of accretion to the survivors or survivor of them; and that the legacies were paid by the testamentary executor, who liquidated the estate and who was discharged by the Court of Probates. That one of the instituted heirs and residuary legatees, transferred, for a valuable consideration, all his right and interest in the succession to the plaintiff, (the other two heirs their existence being unknown or being dead,) who was by the Court of Probates of the parish of St. Bernard where the succession was opened, put into possession of the estate; that one of the defendants, (widow Reggio) is in community with the minor children and heirs of Reggio are indebted to the estate transferred to him and refuse payment. Wherefore he prays judgment, &c.

His claim has been resisted on the ground that the attorney of the absent heir, did not and could not represent the succession; and that some representative ought to have been appointed contradictorily with whom the plaintiff might have asserted his claim; and as this was not done the decrees of the Court of Probates in favor of the plaintiff could not afford sufficient protection to the defendants against the claim of his transferor's co-heirs if they ever appeared.

There was judgment for the plaintiff, and the defendants appealed.

We have not been favored with any arguments on the side of the appellants. The counsel of the appellee has filed the following points.

The heir who is present is subrogated to the rights of those absent, and whose existence is not known is entitled to receive the whole succession.

The attorney of absent heirs does not become funtus officio by the discharge of the testamentary executor,

The *Louisiana Code, art.* 78, has a positive provision under which the plaintiff as transferee of the heir present, and as subrogated to the right of those absent, whose existence is not known, is entitled to receive the whole succession.

The correctness of the judgment of the Court of Probates cannot be questioned in the District Court. *Code of Practice* 608.

The attorney of the absent heirs was the proper person to represent and defend them in a suit in which they were interested.

He did not become *functus officio* by the discharge of the testamentary executor. *La. Code,* 1210, 1654 and 1655.

It has appeared to us the judge of probates did not err in rendering judgment for the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.